O

# United States District Court
# Central District of California

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE USA, INC.; MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA,<br><br>            Plaintiffs,<br>    v.<br>KYOCERA MITA CORPORATION; KYOCERA DOCUMENT SOLUTIONS, INC.; KYOCERA DOCUMENT TECHNOLOGY CO., LTD.; SHINDENGEN ELECTRIC MANUFACTURING COMPANY, LTD.; and DOES 1-40, inclusive,<br>            Defendants. | Case No. 2:15-cv-01860-ODW-FFM<br><br>**ORDER DEFERRING MOTIONS TO DISMISS [7, 12] AND GRANTING JURISDICTIONAL DISCOVERY** |

Presently before the Court are separate Motions to Dismiss Plaintiffs' Complaint for lack of personal jurisdiction under Rule 12(b)(2) by Defendants Kyocera Document Solutions, Inc. ("KDS") and Kyocera Document Technology Co., Ltd. ("KDT" and collectively "Defendants"). (ECF Nos. 7, 12.) The Motions are fully briefed. Having considered the parties' submissions, the Court elects to defer ruling on these two Motions pending the completion of limited jurisdictional discovery.[1]

---

[1] This Order has no effect on the Motion to Dismiss filed by Defendant Shindengen Electric Manufacturing Company, Ltd. (ECF No. 18.)

In circumstances "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary" to make a fully-informed decision on the issue of personal jurisdiction, a court may grant jurisdictional discovery. *Borschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Without this discovery, the court lacks sufficient information to make an informed decision on personal jurisdiction. *See Seedman v. Cochlear Ams.* No. SACV 15-00366 JVS (JCGx), 2015 WL 4768239, at *6 (C.D. Cal. Aug. 10, 2015) (noting that limited jurisdictional discovery "could establish specific jurisdiction").

The parties raise strong arguments in support of their positions on the question whether the Court may exercise personal jurisdiction over KDS and KDT. The Court concludes, however, that the factual record is not sufficiently developed to properly decide the issue. It appears that Plaintiffs are limited to KDS' publicly-available website to make their arguments in support of personal jurisdiction. (*See, e.g.*, KDS Opp'n 4–5.) Similarly, the primary documents cited by Plaintiffs to support the exercise of personal jurisdiction over KDT are Operation Guides for the copier at issue. (*See* KDT Opp'n 9–10.) This documentation provides insufficient information regarding the connections between KDS and California and KDT and California. The Court finds that limited jurisdictional discovery could yield additional facts about Defendants' relationship with California that may be conclusive as to issues of personal jurisdiction.

The Court disagrees with KDS and KDT that discovery must be limited to evidence in possession of Kyocera Document Solutions America, Inc. ("Kyocera America"). KDT argues that it has "no ownership interest in Kyocera America" and that it is best described as a "half-brother" to Kyocera America. (KDT Mot. 3.) KDT then claims that "Plaintiffs have not identified any information they need to establish personal jurisdiction over [KDT] that cannot be obtained from Kyocera America."

(KDT Reply 10.) KDS makes similar contradictory arguments in its papers. (*See* KDS Mot. 7; KDS Reply 9.) It seems that Defendants want to have their cake and eat it, too, by simultaneously having very little connection to Kyocera America but somehow possessing no additional applicable information than that in possession of Kyocera America.

Accordingly, the Court **GRANTS** Plaintiffs' request to conduct limited jurisdictional discovery as to Defendants KDS and KDT. Discovery shall be limited to information directly relevant to the extent of KDS' and KDT's contacts with California and the nature of their relationships with Kyocera America. Plaintiffs shall file one supplemental brief as to both KDS and KDT by **November 8, 2015**. KDS and KDT may file a joint response by **November 16, 2015**. Each brief shall **not exceed 10 pages.** The Court will issue a ruling on KDS' and KTD's Motions to Dismiss thereafter.

**IT IS SO ORDERED.**

September 25, 2015

_____
 **OTIS D. WRIGHT, II
 UNITED STATES DISTRICT JUDGE**