O

# United States District Court
# Central District of California

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE USA, INC.; MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA,<br><br>     Plaintiffs,<br><br>  v.<br><br>KYOCERA MITA CORPORATION; KYOCERA DOCUMENT SOLUTIONS, INC.; KYOCERA DOCUMENT TECHNOLOGY CO., LTD.; and SHINDENGEN ELECTRIC MANUFACTURING COMPANY, LTD.,<br>     Defendants. | Case No. 2:15-cv-01860-ODW-FFM<br><br>**ORDER GRANTING DEFENDANT SHINDENGEN ELECTRIC MANUFACTURING COMPANY, LTD.'S MOTION TO DISMISS [18]** |

## I. INTRODUCTION

Plaintiffs Mitsui Sumitomo Insurance USA, Inc. and Mitsui Sumitomo Insurance Company of American ("Plaintiffs") seek reimbursement from Defendants Kyocera Mita Corporation, Kyocera Document Solutions, Inc. ("KDS"), Kyocera Document Technology Co., Ltd. ("KDT"), and Shindengen Electric Manufacturing Company, Ltd. ("Shindengen") for damages paid on behalf of Plaintiffs' insured,

Kyocera Document Solutions America, Ltd. ("Kyocera America"), a copier distributor. Plaintiffs allege that Shindengen manufactured a defective diode component in a copier that resulted in a fire. Shindengen now moves to dismiss the matter for lack of personal jurisdiction, arguing that it lacks any connection to California that could establish the minimum contacts required for the Court to exercise personal jurisdiction. For the reasons discussed below, the Court agrees and accordingly **GRANTS** the Motion to Dismiss.[1] (ECF No. 18.)

## II. FACTUAL BACKGROUND

Kyocera America is a distributor of products, including copiers with diodes manufactured by Shindengen, and is insured by Plaintiffs. (Compl. ¶ 8.) On October 11, 2008, an allegedly defective copier distributed by Kyocera America caused a fire at a commercial building in Chatsworth, California. (*Id.*) The copier was designed and manufactured by KDS and KDT and contained an allegedly defective diode manufactured by Shindengen. (*Id.* ¶¶ 17–18.) The insurers of the commercial building sued Kyocera America for damages resulting from the fire. (*Id.* ¶ 9.) After settling claims with the commercial building's insurers on behalf of Kyocera America, Plaintiffs brought this indemnification claim against KDS, KDT, and Shindengen. (*Id.* ¶¶ 17–18.)

Shindengen is a Japanese company with its principal place of business in Japan, where it manufactures diodes and other electronics. (*Id.* ¶ 4; Opp'n 3.) Plaintiffs allege that Shindengen owns a subsidiary, Shindengen America, which is incorporated in California. (*Id.*) Shindengen America is not a defendant in this action, and has no involvement in the underlying incident. Plaintiffs further allege that 2.9 percent of Shindengen's sales are made to American customers. (*Id.* 8.) Shindengen has no other connections to California.

---

[1] Having carefully considered the papers filed in support of and in opposition to the Motions to Dismiss, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Plaintiffs filed this claim in the Los Angeles Superior Court on December 10, 2014. (Not. of Removal ¶ 1.) Defendant KDS timely removed the action to this Court. (ECF No. 1.) On May 7, 2015, Shindengen filed a Motion to Dismiss the claim for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).[2] (ECF No. 18.) Plaintiffs timely opposed, and Shindengen timely replied. (ECF Nos. 21, 26.) Shindengen's Motion to Dismiss is now before the Court for consideration.

### III. LEGAL STANDARD

When a defendant moves to dismiss a case for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court may properly exercise jurisdiction over the defendant. *Love v. Assoc'd Newspapers, Ltd.*, 611 F.3d 601, 609 (9th Cir. 2010). If the motion to dismiss is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing that jurisdiction exists. *Id.* The court takes the plaintiff's uncontroverted version of facts as true, and any conflicts over the facts must be resolved in the plaintiff's favor. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). California's long-arm statute is coextensive with federal due process requirements, so the jurisdictional analysis for a nonresident defendant under state law and federal due process is the same. *See* Cal. Code Civ. Proc. § 410.10; *Roth v. Garcia Marquez*, 942 F.2d 617, 620 (9th Cir. 1991).

The Fourteenth Amendment's Due Process Clause allows a court to exercise

---

[2] KDS and KDT also filed Motions to Dismiss for lack of personal jurisdiction. (ECF Nos. 7, 12.) The Court deferred ruling on these motions and granted limited jurisdictional discovery as to KDS and KDT.

personal jurisdiction over a defendant who has sufficient "minimum contacts" with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation marks omitted). Applying the "minimum contacts" analysis, a court may exert either general jurisdiction or specific jurisdiction over a nonresident defendant. *Unocal*, 248 F.3d at 923. General jurisdiction is established when the defendant's activities in the forum state are "continuous and systematic" in such a way that justifies the exercise of jurisdiction even if the cause of action is unrelated to these activities. *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997). Specific jurisdiction arises when a defendant's specific contacts with the forum state give rise to the cause of action. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984).

## IV.  DISCUSSION

Plaintiffs argue that Shindengen's ownership of a California corporation and its sale of 2.9 percent of its products to customers in the United States are sufficient to confer jurisdiction over Shindengen in California. In the alternative, Plaintiffs request leave to perform discovery to further establish Shindengen's ties to California. The Court disagrees that such contacts are sufficient to confer jurisdiction, and denies Plaintiffs' request for leave to conduct jurisdictional discovery.

### A.  Personal Jurisdiction

As an initial matter, Plaintiffs do not attempt to argue that the Court has general jurisdiction over Shindengen. (Opp'n 2.) Therefore, the Court will only address specific jurisdiction. A court may assert specific jurisdiction over a defendant when the claim asserted against the defendant arises out of its forum-related activities. *Rano v. Sipa Press Inc.*, 987 F.2d 580, 588 (9th Cir. 1993). The Ninth Circuit applies a three-prong test to determine whether a court may properly exercise specific jurisdiction over a nonresident defendant: (1) the defendant must purposefully avail itself of the benefits and protections of the forum state; (2) the claim must arise out of,

or be related to, the defendant's forum-related activity; and (3) exercise of jurisdiction must comport with fair play and substantial justice. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden of proving the first two prongs of the test. *Id.* If the plaintiff succeeds in establishing both of these prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*

Plaintiffs and Shindengen focus their arguments on the first prong of the test—whether Shindengen purposefully availed itself of the benefits and protections of California. A defendant purposefully avails itself of the benefits and protections of a forum state when it "perform[s] some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988). Plaintiffs contend that Shindengen placed products, including the diode component of the copier, into the stream of commerce and specifically targeted consumers in California. Plaintiffs support this argument by providing evidence that Shindengen owns a subsidiary, Shindengen America, which is incorporated in California. (Opp'n 4.) Plaintiffs further offer evidence that 2.9 percent of Shindengen's sales are made to American customers. (*Id.*)

Shindengen does not dispute these facts, but instead argues that they are insufficient to establish specific jurisdiction. (Reply 2.) Shindengen points to the fact that it is a Japanese company with no office, phone number, bank account, or employees in California. (Mot. 12.) Shindengen also points out that it manufactured the allegedly defective diode in Japan, and the diode was incorporated into the copier in Japan before it was shipped to California. (Reply 2.)

Placing goods into the stream of commerce establishes purposeful availment only when the defendant acts "with the expectation that [the goods] will be purchased by consumers within the forum State." *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 298 (1980). "[F]inancial benefits accruing to the defendant from a

collateral relation to the forum State will not support jurisdiction if they do not stem from a constitutionally cognizable contact with that State." *Id.* at 299. Additionally, mere foreseeability that a product will reach and be used in the forum state cannot satisfy the requirements for personal jurisdiction. *See J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2783 (2011) (plurality opinion); *Bombardier Recreational Prod., Inc. v. Dow Chem. Can. ULC*, 216 Cal. App. 4th 591, 598 (2013) ("We conclude both the plurality and the concurring opinions in *J. McIntyre* agree that mere foreseeability, at least where products are not sold in a state as part of the regular and anticipated flow of commerce into that state, is not enough to establish minimum contacts with the forum state."). A plaintiff must show something more than foreseeability, although precisely what additional showing is sufficient has not yet been determined by the Supreme Court. *See Bombardier*, 216 Cal. App. 4th at 602.

The Court agrees with Shindengen that its contacts with California are insufficient to satisfy the purposeful availment requirement. First, Shindengen's sales to the United States in general do nothing to show that it targeted California in particular. *See Hernandez v. City of Beaumont*, No. EDCV 13-00967 DDP (DTBx), 2014 WL 6943881, at *4 (C.D. Cal. Dec. 8, 2014). Second, 2.9 percent of total sales is not a large enough portion of sales to indicate that Shindengen should anticipate a continuous flow of products into California, particularly when that 2.9 percent is potentially spread across the entire United States.

Plaintiffs rely almost entirely on *Bridgestone Corp. v. Superior Court*, 99 Cal. App. 4th 767 (2002), to support their argument that Shindengen has sufficient contacts with California to establish personal jurisdiction. In *Bridgestone*, the defendant, a tire manufacturer, delivered 25,000 tires per month to a California distributer for resale in California. *Id.* at 777. One-half of these tires were then sold to consumers in California. *Id.* Defendant's representatives also visited the distribution center in California, and the court found that the defendant therefore likely knew about the large volume of tires sold in California. *Id. Bridgestone* is factually inapposite

because the connection between Shindengen and California is more attenuated than the connection between the tire manufacturer and California in *Bridgestone*. Whereas the *Bridgestone* defendant delivered tires directly to a California distributor for delivery and sale, the diodes manufactured by Shindengen went through multiple steps and entities before being sold to any company in the United States. First, Shindengen sold diodes to Defendant KDT who incorporated the diodes into copiers. Next, the copiers were sold by another defendant, KDS, to Kyocera America, who then sold the completed product to the commercial property in California. (Opp'n 5; KDS Mot. 2–3, ECF No. 12.) Plaintiffs offer no evidence suggesting that Shindengen maintained any control over the eventual destination of the diodes after selling them to KDS.

Furthermore, Plaintiffs make no showing that the amount of Shindengen's total American sales is as great as 25,000 or that the percentage of these sales made to California is anywhere close to 50 percent, as was the case in *Bridgestone*.

Finally, the bare fact that a nonresident parent corporation owns a subsidiary incorporated within the forum state cannot establish personal jurisdiction over the parent corporation. *See Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 954 (N.D. Cal. 2015). Instead, the plaintiff must show that the parent and subsidiary are not really separate entities, but alter-egos. *Id.* Here, the plaintiff has provided no facts beyond the bare allegation that Shindengen owns a subsidiary incorporated in California, and there is no suggestion that the subsidiary is involved with the type of transactions at issue in this lawsuit. (Mot. 3.) This allegation is not sufficient to establish personal jurisdiction on its own. The Court therefore finds that it lacks personal jurisdiction over Shindengen.

### B. Jurisdictional Discovery

In the event that the Court determines that it does not have personal jurisdiction over Shindengen, Plaintiffs request jurisdictional discovery as to Shindengen's contacts with California. (Opp'n 10–11.) Jurisdictional discovery "may be appropriately granted where pertinent facts bearing on the question of jurisdiction are

controverted or where a more satisfactory showing of the facts is necessary." *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 n. 1 (9th Cir. 1997). A court may deny such discovery "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977). The Court finds that Plaintiffs' claim of personal jurisdiction is so bare that their request for jurisdictional discovery should be denied. *See Pebble Beach*, 453 F.3d at 1160 ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." (internal citation and quotation marks omitted)). Plaintiffs have not even suggested what facts might exist that could establish sufficient contacts between Shindengen and California. The Court therefore denies Plaintiffs' request for jurisdictional discovery.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Shindengen's Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 18.) Shindengen is hereby dismissed from this action.

**IT IS SO ORDERED.**

October 6, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**